# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 15, 2026

Lyle W. Cayce
Clerk

No. 25-20572
Summary Calendar

———————————

Spectrum Laboratories, L.L.C.,

*Plaintiff—Appellee*,

*versus*

URZ Trendz, L.L.C., *also known as* Fly Fresh Smoke,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:22-CV-3705

———————————————————

Before Stewart, Graves, and Oldham, *Circuit Judges*.

Per Curiam:[*]

URZ Trendz, L.L.C. (URZ) brings various challenges related to the district court's entry of default judgment in favor of Spectrum Laboratories, L.L.C. (Spectrum). Because URZ appeals from a non-final judgment, we dismiss for lack of jurisdiction.

I

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-20572

Spectrum, a manufacturer of synthetic urine, discovered counterfeit versions of its "Quick Fix" product in Texas.  It filed a complaint against a retailer who sold the counterfeit synthetic urine for, *inter alia*, counterfeiting and trademark infringement under the Lanham Act.  *See* 15 U.S.C. §§ 1051 *et seq*.  Eventually, Spectrum dismissed the retailer, obtained leave to amend its complaint, named ten unknown Doe defendants, and issued third-party subpoenas to six businesses suspected of counterfeiting.

URZ, one of the Doe defendants, is a wholesaler of smoking products, sex toys, and novelty products.  It did not comply with the third-party subpoena, so Spectrum added it as a named defendant.  Spectrum eventually filed a third amended complaint, asking for, *inter alia*, lost profits, disgorgement of URZ's profits, and injunctive relief.

Following a protracted discovery battle—including ten discovery orders issued by the district court—Spectrum moved for case-terminating sanctions.  The district court granted Spectrum's motion and entered default judgment against URZ.  The court also struck URZ's affirmative defenses and counterclaims, awarded attorneys' fees and court costs against URZ and its counsel, and issued injunctive relief against URZ.  At the default judgment hearing, however, the court noted that there was "a substantial amount of money yet to be awarded," and that it did not "even know what the request for damages [would] be."

Before the court could quantify the damages due Spectrum, URZ filed this appeal.  moved to dismiss URZ's appeal for lack of jurisdiction, and we carried the motion with the case.

## II

We now address Spectrum's motion to dismiss.  "[E]very federal appellate court has a special obligation to satisfy itself . . . of its own jurisdiction."  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 95 (1998)

2

No. 25-20572

(internal quotation and citation omitted) (alteration in original); *see Pickett v. Tex. Tech Univ. Health Scis. Ctr.*, 37 F.4th 1013, 1024 (5th Cir. 2022).

### III

This court has "jurisdiction of appeals from all final decisions of the district courts . . . ." 28 U.S.C. § 1291. We embrace "the well-settled general rule that a judgment or order is not final unless it ends the litigation on the merits and leaves nothing for the trier to do but execute the judgment." *Armstrong v. Trico Marine, Inc.*, 923 F.2d 55, 58 (5th Cir. 1991) (internal quotation and citation omitted). "Ordinarily, computing and awarding damages is more than mere execution, and a judgment is not final without it." *GeoSouthern Energy Corp. v. Chesapeake Operating, Inc.*, 241 F.3d 388, 391 (5th Cir. 2001). Yet, "a judgment failing to award damages may still be final if the computation of damages is purely ministerial and/or mechanical." *Id.* (internal quotation and citation omitted).

Spectrum contends the district court's entry of default judgment was not a final judgment because the amount of damages were not yet calculated. URZ counters that: the court's judgment was final for purposes of § 1291; and the injunctive nature of the default judgment gives this court jurisdiction under 28 U.S.C. § 1292.

When the computation of damages requires more than a simple application of predetermined amounts, any judgment entered before the calculation of such damages is not final. *Compare Parks v. Pavkovic*, 753 F.2d 1397, 1401–02 (7th Cir. 1985) (concluding jurisdiction existed because computation of damages required mere addition of pre-existing state court judgment to statutory interest and defense costs) *with Goodman v. Lee*, 988 F.2d 619, 626–27 (5th Cir. 1993) (dismissing for lack of jurisdiction because parties did not know "who all paying parties were and/or the amounts involved" (quote at 626)).

No. 25-20572

The matter at hand "sits somewhere between th[e] two extremes" of *Parks* and *Goodman*. *GeoSouthern Energy Corp.*, 241 F.3d at 391. "Unlike *Goodman*, there are no unidentified payors here . . . [but t]he computation . . . is relatively complex . . . ." *Id.* The court must ascertain all profits URZ obtained because of its counterfeiting "Quick Fix." Moreover, it must determine any losses Spectrum suffered. These tasks, "while perhaps not challenging for a professional accountant, go[] beyond the routine ministerial duties of courts." *Id.* at 392. Additionally, URZ will likely dispute the damages amount, further obfuscating the court's task. *See id.* Accordingly, "the task[] of computing damages is more than 'ministerial' or 'mechanical.'" *Id.*

Finally, we turn to URZ's § 1292 contention. It cites no authority for the proposition that the injunctive nature of the default judgement gives this court jurisdiction under § 1292. In fact, the general rule is that discovery sanctions orders are not appealable until entry of the final judgment. *See Schaffer v. Iron Cloud, Inc.*, 865 F.2d 690, 691–92 (5th Cir. 1989). We reject URZ's assertion to the contrary.

For these reasons, we DISMISS for lack of jurisdiction.